The first argued case this morning is number 18-12-13, Ashford University against the Secretary of Veterans Affairs, Mr. Okowa. May it please the court. Kweku Okowa for the petitioner, Ashford University. The department's actions in this case... There's a jurisdictional issue here, which... Yes, Your Honor. ...oddly hasn't been briefed by the parties, and that is whether the agency action here is final agency action, given the fact that there are various levels of review within the agency up through the level of the secretary, which haven't been exhausted yet. How is it, whether this is an adjudication or a rulemaking, either way, there's a finality requirement. And how is it that we can possibly review this at this stage in the proceedings when these other steps within the agency have not been taken? So, the court has held that, this court has held that Section 502 grants authority to conduct a pre-enforcement review of... It's not a pre-enforcement review, but, like, in a rulemaking situation, if you have notice of proposed rulemaking, you can't go to court to review that. You've got to wait until the agency acts finally on the rule. And here, even if you view this as a rule, and I think there's a big question as to whether it is, the agency hasn't finally acted on it. The secretary could say, no, no, this is, it's not right. Your determination here is incorrect. I have a different view of the statute. Why don't we have to wait for a decision of the secretary before we can do anything, before we can review this? There's no separate decision of the secretary to come. The letter talks about a whole procedure within the agency for review. That's right. And so, let's talk about what that procedure is. There's a procedure whereby, first, the director of the regional office makes a decision. In making that decision, the director exercises delegated authority of the secretary. You can find that delegation in 38 CFR 4211A6. So, it's a decision of the, it's an action of the secretary, the letter. Then, the committee process that's described is not some separate review of the rule or the determination about whether there's been a violation. What it is, is a group of people who get together and they provide recommendations to the director about what the sanction ought to be. So, everything that is to be done about what interpretation of main campus applies to control what the Arizona State Approving Agency can do, that's done. And that's, you know, among other reasons. I'm not sure that I understand why that's the case. Why doesn't the committee have the authority to determine whether there's been a violation as opposed to just the question of what the sanction should be? That's stated in the, it's 38 CFR 21.4211E1, which describes the duties and responsibilities of the committee. And it says that the function of the committee on educational allowances is to make recommendations to the director of the VA regional processing office, who's the person who issued the letter, in connection with specific cases. So, it makes recommendations about the kinds of sanctions that are described in the letter. I don't see that that's limited to sanctions. Why don't they make a determination as to whether there's been a violation here as well? This is a board that has no authority to make legal determinations. They can make determinations as to a fact going to the sanctions. Actually, I think the letter is fairly clear about that. So, on page three of the appendix, the director says, if there's no remedy of this deficiency that I've already found, I'm going to first make a suspension. So, that's before it goes to the committee. I will suspend payment of educational assistance and suspend approval of new enrollments and re-enrollments in your online programs. Nothing to do with the committee. Then the committee comes into play, and the committee will assist me in making a determination as to whether educational assistance should be discontinued for all individuals enrolled in your online courses, and if appropriate. And it goes on to describe other sanctions that may be imposed. And then it talks about review by the director of education service. And the director of education service, who's a superior officer within the agency, right? I don't know the answer to that. But it's superior to the regional director? Well, you would think so. So, it says that it's apt to request a review of such decision by the director of educational services pursuant to 21-42-16. Doesn't that director have the authority to determine whether there's been a violation? Well, that's, I believe, a decision, a review of the decision that the committee has just assisted the director in making. So, again, not the suspension. Right. But the way the regulation is structured, it really strongly suggests that the director of education service, I mean, it says it right in 42-16B, has the authority to affirm, reverse, or remand the original decision. So, I mean, this is clearly a review structure in place here where what this VA regional processing office director says, does, wants to do, isn't the final word inside the VA. It's this other person, director of education service. That may be. So, we step back because I think there are two points to be made here. One about final agency action, and the other about ripeness, which is actually where I think this sort of falls. So, final agency action, once there's a rule that's been revealed and revealed in the form of an interest. Once there's a rule that's been adopted by the agency, just the fact that some lower level official has announced a rule and it's subject to review within the agency doesn't make it final agency action. Let's assume that there is, in fact, a review procedure within the agency to determine whether there's been a violation and that the superior officers within the agency have the ability to make a determination that this letter's view of the statute is correct or not correct. Isn't it the case that if there is such review within the agency, there's no final agency action and we lack jurisdiction? If it's already been applied to the party, right? So, I take the court's point. Certainly, if there were an interpretive rule, the agency says, henceforth, we're going to think about these kinds of problems, what unreasonable means within the meaning of the statute in the following way. If it's been applied to no one, ordinarily, that doesn't give rise to final agency action or immediate review until application. There isn't any final agency action until the suspension has occurred. And that doesn't happen under this letter until further procedures are followed. If that were how final agency applies in this context, there would be two consequences, which would be quite severe. And I think this goes to the ripeness point. The question of ripeness is whether there are issues fit for review, which are fundamentally legal. These are, and also the hardship visited on the parties. We would be in the situation of a suspension will fall on 60 days. The committee comes later. So, there's no place to go for review. And the government says there may be no place for Ashford to get review ever. Well, that can't be right. I think that can't be right. That's a ridiculous position. But the point is that there's no clear path other than the 502 path for Ashford to get review of a determination. That's not true. The statute 511 provides for review of decisions of the secretary and decisions relating to benefits.  Under the statute, this goes from this initial decision to the Board of Veterans Appeals, up to the Veterans Court, and up to us. That avenue of review is available to you. And there are always two avenues of review available when there's a rule that is later applied. When it's first announced, and this is true not just in the 502 context, but think of under the Hobbs Act or any of the other special agency review statutes, the rule comes out, or it's revealed sometimes in a letter, sometimes informally and properly, and the parties affected, those suffering a legal wrong or who are aggrieved by the agency action in the language of 5 U.S.C. 702, have a right of review. When that rule is then applied later on, even if after the 60-day period of 90 days. It's a question of whether the rule is a rule and whether this is the agency's view of what the law is, or whether that could be changed by further proceedings within the agency. But it's the application, it's the initiation of an enforcement action. Let me point to Justice Kagan's decision in her plurality in Kaiser v. Wilkie just in June. She says, an enforcement action must rely on a legislative rule, which, to be valid, must go through notice and comment. So here we have an enforcement action. The government completely agrees. It seems to me you're shifting to the question of whether this is a reviewable rule or an enforcement action, which I don't mean to take up all of your time on the finality. It's a concern. I understand the court's concern. I'm actually trying to address it by pointing to what Justice Kagan is saying here. When there's going to be an enforcement action, the first question is, where did the rule come from that's being enforced? So if there's an enforcement action, there has to be an action legislative in character. It has to come from Congress or it has to come from the agency within its legislative power. If they're starting an enforcement action, they can't point to the place where they said, here's the rule. People have to follow it. That's the nature of the— I don't understand that position. I mean, under Bell Aerospace and various other decisions, the fact that in the course of an adjudication, there is an announcement of a principle or a governing principle. That doesn't make it a rule. It's still an adjudication. Why isn't that the situation here? It depends on the character of what the agency says. So let's take, again, unreasonableness. If what the agency says is, you know, we look at the following circumstances, we give more weight to this than this. And we actually think that as a broad matter, you know, in general terms, when you see costs or you see prices this far above costs, it's going to give rise to a violation. If they said instead, henceforth, all prices 20% above cost are violations of the unreasonableness requirement, that would be a rule. And so you have what Judge Edwards says in the Safari Club case. The agency can't escape the rulemaking requirements of 553 by proceeding through adjudication. Wyman Gordon says the same thing. And I think Justice Kagan is pointing to the same understanding. But it's not the case that just because in the course of an adjudication there is a rule that's announced, that that becomes a rule as opposed to an adjudication. That's what Bell Aerospace says. That's what other cases say too. Right. If you're thinking about must the adjudication procedures be followed, must the rulemaking procedures be followed. So it's not impermissible to announce a principle in the course of an adjudication. That happens all the time. That doesn't turn the adjudication into a rulemaking or require that they proceed by rulemaking instead of adjudication. The agencies have discretion as to which path to follow. They have discretion about which path to follow. But if they do something that has the character of a rule, they have to follow the rulemaking requirements. And that's Wyman Gordon saying, yes, you can adjudicate. So is it your position that in any adjudication, if the adjudicating body has to confront a novel legal issue, it's always a rule, whatever they do? No. So we're limited here to enforcement actions. The enforcement character, one, that's defined. Two, if the nature of the legal interpretation is separable from the facts. And three, if it's necessary to the initiation of the enforcement action. All those are clearly not here. But to me, it seems like any time where in an adjudicatory process, the agency, the board, the actor has to confront a novel legal issue and then has to make a call on that question in terms of applying the law to the facts of the case. It's your view that that's a rule and not an adjudication. And I don't understand why that's right. So if I come back to my second point, legal interpretation is separable from the facts. We completely agree with Your Honor and with the government that a mere application of law to fact is not a rule. It's when they say, here's what main campus means. We got this interpretation from this other regulation. Here's where it's defined. We're porting it over at these two regulations. That happens all the time in adjudications. And to me, even your coalition case that you rely on recognizes that you can have law that is announced in the course of adjudication and doesn't create an obligation to engage in rulemaking. I mean, coalition is thinking about quite a different circumstance where they say, we know there's no order because there's been no adjudication. We're saying, OK, there's no order here for a very different reason. It's clearly not an order because it's not a final disposition. A final disposition is part of the APA's definition of what an order is. What has happened here, by the way, within the agency? I mean, is this just sitting there? This letter was issued and nothing has happened? And this has been staged by voluntary agreement of the parties pending the court's determination. Why? The government was willing to grant a stay and my client was willing to accept that while we litigated the issue. So you both agreed not to proceed to final judgment? Well, we agreed to litigate the case. Again, I think that speaks to, here's what's happened. They're settled on what they think main campus means. I see I'm over my time and I would like to reserve a minute or two. We've exhausted on this issue, but I want to be sure that you have a chance to, assuming that it's all properly before us, that you have a chance to raise the merits. So let's start again with 10 minutes or so. Is there anything else you need to tell us about the substance? Well, so, yes, about going to the substance. So, again, I think the key point here on substance, really there are two. The court's jurisdiction runs to actions to which 553 refers or 552A1. And am I speaking to the point that you had in mind or do you want me to move all the way past jurisdiction into the merits themselves? I just want to be clear, make sure I'm answering the question. I'm concerned about jurisdiction. You're concerned about jurisdiction? Let me start there. On jurisdiction, it's much the same conversation that we've been having. 553 applies to interpretations of law that are given the force and effect of law by an agency. And there's pretty much no clearer example of giving force and effect of law to an interpretation than saying you must follow it or else sanctions come. It doesn't purport to address people, entities other than Ashford in this case, right? Right. So, two points, and if I can point to the D.C. Circuit's decision in Appalachian Power, right? So, this you must follow it or else character is legislative. It is enforcing in nature. As to whether it applies, you know, we say it applies only to Ashford, to the state of Arizona, a sovereign state, to the 7,000 veterans at Ashford, and to anyone eligible for GI Bill benefits who may be thinking about applying to Ashford. I think that's plenty of enough people to make it generally applicable. But even if it's particular, if the rule of particular applicability, the APA's definition of rule reaches that clearly. It's in the text, and the D.C. Circuit has said, right, that was added to make sure that rules speaking to specific named parties were rules and treated as rules. And there are a whole host of rules under the APA that are addressed to named parties. One that's recently been in the headlines is the government's designation of Huawei on the entity list. In shorthand, that means that no U.S. suppliers can send products to Huawei overseas. That was done by rulemaking. It's in the Federal Register. It applies to Huawei and subsidiaries. Well, the agency can proceed that way if it wants to. An IRS revenue ruling is a rule of particular applicability. The D.C. Circuit's decision in National Wildlife Federation versus COSTL is a particular parcel of land that's designated for dredge and fill purposes. So there are a host of these. Is there some particular magic language in this letter that, in your view, converted it from being an order into a rule? So we think it's clearly not an order because it's not a final disposition. And that's the language of the APA 515. Not a final disposition. There we go. That runs you into a different problem that we've been talking about for 15 minutes. I mean, I'm trying to locate what your theory really is here. I mean, to me, it looks like an adjudication here. But you're saying no because it invoked the definition that comes from a certain regulation for main campus, that that automatically turned this letter into a rule? I mean, if they hadn't made reference to that regulation, then, in your view, it would have been just an order? If they had relied on a pre-existing statement of law, one that, you know, if they had made this, if they had said the day before they sent this letter, henceforth, the interpretation of main campus in 4258-3 shall be, that would clearly be an interpretive or legislative rule. The issue here is that they just mashed it into the letter that begins the enforcement action. Well, what if the letter had just said, well, we're just going to take a look at a lot of different indicia as to where the main campus is for Ashford. And we see a lot of different institutions and agencies are described the main campus as being in San Diego, California, not in Arizona. And so taking all that into account, we conclude that, yes, in fact, the way Ashford's been representing itself to different institutions and agencies, that its main campus is, in fact, in California. Would that have been a rule? So I think one of the – and I'm going to come right back to your question. Oh, I would love to answer now. Is that a rule? In this context, it's a rule, yes. That would be also a rule. Well, here's why. The issue that's happening here is that what Congress gives to the state approving agency, the authority to make determinations about approvals. And according to – and this is 3672A – according to the state approving agency's policies and practices. So what's happening here is that they're saying, aha, we've got an interpretation that's law that the state has to follow. So they're clawing – it has this effect of shifting jurisdiction from one decision-making agency to another. It seems to me that under your theory there wouldn't be anything left that could be resolved in adjudication if it involved a legal issue. Well, so I may have gotten sort of tangled here. What I mean to say and our fundamental position is, is if there's an interpretation separable from the fact. So what I wanted to focus on is the shift of authority that happens in this letter. And I think that's important to its lawmaking character. And let me flip back and reverse what I just said to what I said earlier in the argument, which is that if it's application of water fact, we don't think that's a rule. But the question always is going to be where the rule come from that's now being enforced. Okay. Thank you. Let's hear from the government. Mr. Grinaldi. Good morning, Your Honors. May I please the Court? Perhaps I should start with finality. Yeah. I mean, you do agree that we have to have final agency action for us to review it, right? Right, Your Honor. And our position that this is a step in the adjudication, perhaps clouded a little bit, are thinking on finality. On page 35 of our brief in a footnote, we do point out that the adjudication here is not final. And we agree with the Court's interpretation of the CFR sections that were just discussed that there is the possibility of a hearing following this letter. And then ultimately, the Director for Education making a different decision if he disagreed with this letter. The Director's decision would be final agency action by delegation from the Secretary? That's my understanding, yes, Your Honor. But there would be a right of review in the Board of Veterans' Appeals, wouldn't there? Yes, Your Honor. We are unaware of any institution that has done something similarly. We definitely understand that a student could bring a challenge before the regional office and the Board and the Veterans' Court based on a denial of their benefits for attending Ashford. As we point out in our brief, there's no need for this Court to reach the issue of whether Ashford could challenge the adjudication. But surely they'd have a right to judicial review, right? It can't be that they don't have a right to review. And there's a possibility of a district court for APA purposes. The point we were trying to make... Congress would have intended these closely related questions of the authority of the Secretary to go to district court when it provided... I would expect them to argue that, Your Honor. When it provided a detailed procedure for review of the Secretary's decisions relating to benefits. No, I would expect them to argue that, Your Honor. I don't expect that it would work, Your Honor. We need to know, when you say there's a possibility of the district court, what is the government's view of... I think 511 precludes that. ...an undisputed, indisputable, straightforward path that should be taken. You didn't discuss that in your briefs. You seemed to think that this was an acceptable path. Well, no, we asked for dismissal because we don't believe that this is a rule that falls under 502. That's why I was trying to explain that part. But not as a matter of being premature, but as being unappealable. Yeah, because it's a part of an adjudication, Your Honor. 502 does not cover this type of step in an adjudication. But that's really my question. Are you saying that this situation, this concern, is not amenable to judicial review anyplace? No. What we said in our brief is that a student could certainly challenge this. The Ashford has to have a right to judicial review. Come on. I mean, the statute easily gives them the right to judicial review following the path from the Secretary to the Board of Veterans' Appeals to the Veterans' Court up to us. Isn't it pretty clear that that's what the statute contemplated? Well, the reason why we didn't commit to Ashford having that sort of review through that process, Your Honor, is because the benefits here, the veterans' benefits, are not for Ashford. Ashford is not the veteran. They are a third party who's collecting. Yeah, but our decision in Bates makes clear that this review process isn't to be cabined in that kind of technical way. You know, this is a law that affects the provision of benefits. It affects Ashford. And I understand your position, Your Honor. I have to admit that I'm unfamiliar with Bates, but this case doesn't yet implicate, as we point out in page 35 of our brief, whether or not Ashford could bring this under 511 and go through the Board and the Veterans' Court because I think— Well, I'm not so sure because I think if there's not a path to judicial review, then maybe one looks with more sympathy at the route they tried to follow. There's got to be an appropriate avenue for them to seek judicial review. May I suggest the route that they should have taken, Your Honor, and that would be to propose a rule under 502. Oh, come on. Come on. They don't have to propose a rule to get judicial review. I understand the position that this letter itself is only an interim step in the process, but if there was a final decision on defunding, that has to be subject to judicial review, and they have to be able to go someplace, whether it's the District Court or to the Veterans' Court, on up to us to get that review. And it would seem as though under the statute, the path is to go to the BVA and then to the Veterans' Court and then up to us. But you can't just say, oh, well, maybe they don't have a right to judicial review. That doesn't make any sense. Well, Your Honor, again, I understand your position, but it's not an issue that the parties explored because this isn't a final agency action yet. And I understand that you say that perhaps it would look more sympathetically. It doesn't help your position to waffle about this. I understand that, Your Honor, but this is not an issue that we have vetted with the VA and understanding of what a third party would have, what kind of rights they would have under 511. So I apologize, but I cannot give a definitive answer on that today. If the Court would like us to file a supplemental answer to that, we could, but it's not information I have at my fingertips right now. Regarding jurisdiction in general, the jurisdictional argument we did raise in the brief here, Your Honors, I agree with the Court's questioning that what Ashford's position would do here is basically make any statement made in an adjudication susceptible to 502 review. There is no distinction between what the regional director did in this letter and what a regional office does on a daily basis when determining service connection for disability payments. What we have here, Your Honor, is a letter that is mandatory under the statute 38 U.S.C. 3690 that is required to be given to the SAA and the school at the start of this process. So the first question of whether there was a rule in here is the idea in general that this letter can be set. There is a statutory basis for it. There's no new rule announced in this. It is part of an adjudicatory step. Regarding the main campus question, again, Your Honors, this isn't applying a regulation to the facts of this particular case. There is nothing in this letter that is announcing a broad principle that applies to every school across the nation. This is a letter by a regional office that is one of four in the United States. It applies only to the SAA, Ashford, and the students. So you're saying that if another similar fact pattern arises, the director could freely choose a different understanding of the term main campus? Theoretically, yes. Yes, Your Honor. The question really here, Your Honor, is, as you point out, what's the magic language in this letter to transform it into a rule? And Ashford hasn't pointed that out in his briefing and hasn't done it today. They allege a change in the law, an amendment to the law, but there is none in this letter. There is solely application of the regulations to the facts. What if there was no regulation defining main campus to borrow from? And the director simply said, you know, from this point forward, this is my conception of main campus that I'll be applying to this case and all future cases relating to whether to stop payment on educational benefits. And it's a four-factor test. The first two factors are the most important ones. And here's the test. Your Honor, that would be a lot closer to the application power case than the other cases cited by Petitioner, which established a ground rule for going forward. Why wouldn't that be a rule? I'm just asking you. That could be a rule, Your Honor, in that scenario. It could be. I mean, why not? I mean, why wouldn't it be a rule? It depends on the authority of the regional office and the scope of it. He would have authority over only a portion of the United States, not the entirety of it. Oh, no, but it sounds like a rule. It sounds like a rule, Your Honor. Agencies make law in adjudication, right? Correct. The fact that you make law in adjudication, that you interpret statutes, you interpret regulations, doesn't turn the adjudication into a rule. That is correct. If you look at what happened in the Snyder case that was cited by Ashford, in that situation you had a Presidential General Counsel opinion that was binding, going forth, that was issued. That was found to be a rule. For example, the NLRB Wyman Gordon case, you had the board announcing that from 30 days hence forward there would be these specific requirements for subpoena enforcement. Without reaching a decision in the particular case. Correct. Which is totally forward-looking. Correct, Your Honor. As opposed to this letter, which is looking at what happened. This is going back in a retrospective view about Arizona's approval of Ashford. And the Secretary's ability to suspend payments based on that prior action, not actions going forward. So there's a retrospective view. So the agency then would decide that a particular issue that has arisen is significant. Then what would they do? They'd have to put it through the notice and comment procedure, would they not? And assuming that that happens, then none of these other issues arise. Is that right? Then there's judicial review because it is an official position. But that sounds sufficiently, I don't want to say arbitrary, loose. That when you have the particular party to which it applies to say, since that wasn't done, get out of court. You have no recourse. Well, those are the cases, Your Honor, where a rule is announced and applied and without notice and rulemaking procedures and potentially as arbitrary and capricious in and of itself. They've applied the rule that they have to this party who says you got it wrong. They want the opportunity to challenge what the agency did. And from that viewpoint, don't they have a final agency action? They have an adjudicated final agency action when they have the ultimate order coming on that case. What the agency has done in your hypothetical, Your Honor, I think, and please correct me if I'm misunderstanding, is announce not something that's applicable nationwide, but announce something that they're applying against this individual in particular. That is a step in the adjudication. That is applied. It happens every day in RO adjudications. You could have two different RO adjudicators looking at the amount that an individual, a veteran, can move their knee, both moving it 45 degrees but getting different ratings under the existing schedule. I think that in that scenario, it's very clear. This court has pointed out that this is an adjudicated matter. It's not an issue of rulemaking by those RO adjudicators regarding the knee schedule. This is the same idea here. We have the regional director looking specifically at these facts, Your Honor, where Ashford announces they have their main campus, where Ashford is accredited as a university and saying, we don't believe that that's Arizona. It should be California. Explain to us or take corrective action in 60 days. This is entirely, every step in here, adjudication. None of it is rulemaking that applies to a different online university. Whether this is rulemaking or this is an order, an adjudication, is it the government's view that you have to go all the way through until you get a decision from the Director of Education Service under 4216? And only then can you have a review on whether it's an order or a rulemaking. I don't see how anything in this letter could be reviewed at this point, Your Honor. Could there have been something else that was written in this letter that could trigger a rule and be 502? I think the question is do they have to wait until there's final agency action? Yes, Your Honor, because it is not final, this agency action. It can be reviewed by the committee. We disagree with Ashford's readings of the CFR sections, and it can be reversed by the director. Now, whether or not – I'm exploring this with you because I didn't read your red brief that's really advancing this particular argument that we can't even come in – they can't even come into court and question whether this is a rulemaking until they get review from the final officer inside the agency that can make a ruling on this, which would be the one in 4216. And, Your Honor, I apologize, but I think perhaps are looking at this solely in the rubric that this has to be an adjudication. It can't be a rule. Perhaps made it a little myopic about the potential for it being a rule, and if it is a rule, whether there is a final rule here. In no way or shape or form do we think that this is a rule that's announced in this, so therefore we did not argue that any rule would be not final yet. We did point out that the adjudication is not final. That's the only thing that we did note in our brief on page 35. If the court has no further questions, we respectfully request the court dismiss the petition or deny it. Thank you. Thank you. So we have three minutes for rebuttal. If I may, I think the key language that reveals the rulemaking character of this letter is the term main campus is defined in 38 CFR 21-4266-83. That's the transplantation of a regulatory interpretation adopted after notice and comment for one provision and its transplantation to another. And using that as a basis to say that my client is subject to enforcement actions and a suspension. Again, I think, you know, and then the sort of extreme consequences of the government's position begin to come to light. They start to turn the screws of enforcement, and I say, but there's no final agency action. In bank decision in Procopio, we should have said, oh, this is really a rule and it's not proper to do this in adjudication. I'm not familiar with Procopio. I apologize. But I think, you know, again, that it's the enforcement character that really drives this conversation. And, you know, and then there's the arbitrariness, too, of what's happening here. The government's position is, well, maybe as to Ashford, main campus means this, and maybe as to someone else, it means that. And, again, I take his point. If what you have is an RO adjudication and there are two people in the United States and they have similar knee injuries, that is a fully fact-bound kind of consideration. But the rules have to apply the same to everyone. And what they're doing is saying, yes, well, here, the interpretation of this regulation applies to Ashford. Maybe, maybe not. It applies to other people. And we're going to drive an enforcement action through it. I just think that's an awfully extreme position for the government to say, there's no review of that. We'll continue the suspensions in effect. We'll have the process go on. I don't think they're now saying there's no review. Well, I think they said maybe they'd be willing to write a letter, and I don't know what position they'll take in the letter. I think Mr. Grimaldi didn't take a position on that here today. But what I'm saying, not even no final review. They're not quite sure what position they're going to take there. But as to review now as the consequences roll forward for my client, no review. And that's an awfully extreme position, especially when what's happened here is, and, again, I'll come back to Justice Kagan. If you're going to initiate an enforcement action, it's got to be on the basis of legislative rule, of a legislative rule that goes through notice and comment. If there are no further questions. Okay. Thank you. Thank you both. Case is taken under submission.